207 So.2d 127

**William G. BRINKS**

v.

**STATE.**

**1 Div. 200.**

Court of Appeals of Alabama.

Dec. 5, 1967.

Rehearing Denied Dec. 19, 1967.

Frank B. McRight, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

**JOHNSON, Judge.**

Appellant was indicted by the Grand Jury of Mobile County, Alabama, on June 29, 1966, for the offense of robbery. He was arraigned in open court on July 19, 1966, and there, represented by court-appointed counsel, entered a plea of not guilty.

On September 21, 1966, appellant filed a motion for investigation as to his sanity, a motion for leave to file a plea of insanity, and a plea of insanity. On Septem-

ber 23, 1966, the motion for investigation as to the sanity of appellant was heard and the trial court denied the motion.

On October 26, 1966, appellant was tried by a jury, found guilty as charged, and sentenced to ten years imprisonment in the State penitentiary as punishment. This appeal is made from said verdict and judgment.

Appellant contends that the trial court erred in denying his motion for a sanity hearing and that it also erred in admitting testimony concerning the identification of appellant in a pre-trial lineup at which time appellant was not represented by counsel.

The evidence reveals that on January 31, 1966, Mr. Roy Dudley, Manager of a Greer's Store in Mobile, Alabama, was robbed of between four hundred and four hundred and fifty dollars, said money belonging to Greer's Store and being in the custody of Mr. Dudley at the time. Mr. Dudley testified that he could identify appellant as the party who robbed him and stated that he identified him from a police lineup. He stated that appellant entered his store, aimed a gun at him and made him lie on the floor prior to the robbery.

Mr. Weston Stewart testified that he was present in the store at the time of the robbery but could not positively identify appellant as the robber either at a pre-trial lineup or at the trial as the robber had a hat "pulled down over his eyes".

Mobile Police Detective Fairlee Morgan testified that he prepared a composite drawing of the suspect from descriptions given him and this drawing led to identification of appellant in several photographs given to Mr. Dudley by Detective Morgan, although Dudley could not be "certain" about the identification.

Mobile Police Detective William Simmons testified in detail regarding the pre-trial lineup at which appellant was identified by the complainant as his assailant.

We have carefully read the statements touching upon appellant's sanity written by some of his former teachers. We admire the candor and dedication of these fine instructors but the contents of their statements outlining appellant's delinquency do not establish his insanity. We do not feel that the trial court abused its discretion in overruling such motion. Tit. 15, Chapter 21, Article 2, Code of Alabama, 1940.

Appellant relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, regarding the right to counsel at pre-trial lineups.

In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, the court states the following:

"It is * * * very clear that retroactive application of Wade and Gilbert 'would seriously disrupt the administration of our criminal laws.'"

*Stovall*, supra, also states in Headnote 1:

"The rule required exclusion of identification evidence which is tainted by exhibiting the accused to identifying witnesses before trial in the absence of his counsel affects only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after June 12, 1967."

Since this trial was conducted on October 26, 1966, *Wade,* supra, and *Gilbert,* supra, the cases relied on by appellant, would not here be applicable.

For the foregoing reasons the judgment in this cause is due to be and the same is hereby

Affirmed.